UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VARONIS SYSTEMS, INC.,

        Plaintiff,

-against-

GREGORY JARVIS,

        Defendant.

Case No.: _____

**DECLARATION OF
DANA SHAHAR**

---

    DANA SHAHAR, declares pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury that the following is true and correct:

    1.    I am Chief Human Resources Officer (CHRO) at Varonis Systems, Inc. ("Varonis" or "Company"), serving in that position since October 2018. I have been employed in Varonis since May 2013 in various roles in the HR department and currently I am the head of the entire global HR operation in Varonis. I submit this Declaration in support of Plaintiff's Order to Show Cause seeking a temporary restraining order, preliminary injunction, and expedited discovery. I make this declaration of the facts set forth below based on my personal knowledge and the Company's books and/or records.

    2.    Varonis employed Defendant Gregory Jarvis from on or about July 14, 2014, until February 6, 2023, most recently in the position of Account Manager. In that position, Jarvis was the Company's lead sales representative on deals with clients and prospective clients and chief point of contact with business partners. Jarvis was responsible for presenting and selling Varonis' products and services to current and potential clients; establishing and maintaining current customer relationships by responding to customer requests and managing and resolving customer issues; prospecting and identifying key decision makers within the targeted leads; pursuing leads

and referrals resulting from field activity, while maintaining and expanding Varonis's database of contacts within the targeted organizations; prospecting or initiating and developing new business by identifying potential clients and users of Varonis's products; performing product demonstrations of Varonis's products and creating deal proposals, including presentations to C-Level prospective clients and resellers; and formulating sales strategies.

3. Pursuant to the At-Will Employment, Confidential Information, Invention Assignment and Arbitration Agreement ("Employment Agreement"), which Jarvis signed as a condition of his employment with Varonis, Jarvis was required to immediately provide Varonis with an executed Termination Certification upon his separation from employment with Varonis. A copy of the Employment Agreement is attached to this declaration as **Exhibit A**.

4. By signing the Termination Certification, Jarvis would be certifying, among other things, that he will honor his continuing post-employment obligations to Varonis, including confirmation that he will refrain from using or disclosing Varonis's confidential information and comply with the non-competition and non-solicitation provisions of the Employment Agreement. See Employment Agreement § 6. Specifically, the Termination Certification stated, in relevant part, the following:

> I further agree that, in compliance with the [Employment Agreement], I will preserve as confidential and will not use or disclose without prior authorization any and all Company Confidential Information and Associated Third Party Confidential Information, including trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs, databases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its employees, clients, consultants or licensees.
>
> I also agree that for twelve (12) months from this date [of the Termination Certification], I will comply with the non-competition and non-solicitation provisions, as set forth in Paragraph 7 of the [Employment Agreement].

**Exhibit B** to Employment Agreement.

5. Additionally, the Termination Certification required Jarvis to identify his new employer as well as his position there, which information is necessary for Varonis to assess Jarvis's compliance with his post-employment non-disclosure, non-competition, non-solicitation, and non-interference obligations owed to Varonis. See id.

6. On February 6, 2023, Jarvis submitted his resignation from Varonis with two weeks' notice.

7. When Jarvis informed his direct manager, Jared Hale, Regional Sales Director, that he was resigning, Mr. Hale inquired where Jarvis was going. Jarvis answered that he would be joining AppOmni in the position of Account Executive. Jarvis also indicated that his employment with AppOmni would begin in about two weeks. In response, Mr. Hale advised Jarvis that AppOmni is a competitor of Varonis.

8. Mr. Hale informed me and senior management, including Gregory Pomeroy, Vice President of North American Sales, about Jarvis's intent to join AppOmni. Mr. Pomeroy decided to immediately exit Jarvis on February 6, 2023, in lieu of Jarvis's two weeks' notice.

9. On February 7, 2023, Varonis's in-house legal counsel, emailed Jarvis a letter about his continuing post-employment obligations to Varonis. The February 7, 2023 letter reminded Jarvis, among other things, that he signed the Employment Agreement as a condition of his employment and is bound by non-competition and non-solicitation obligations for one year after his separation, as well as prohibited from disclosing or using Varonis's confidential and sensitive business information other than for Varonis's benefit. See Letter dated February 7, 2023 from Varonis to Gregory Jarvis, attached to this declaration as **Exhibit C**.

10. More specifically, pursuant to his Employment Agreement, Jarvis may not (i) be employed by, or otherwise act for the benefit of, any company whose business or products are in

3

any way competitive with or similar to Varonis's business or products, (ii) contact any of Varonis's customers, including those who have inquired about or been solicited for the Company's services or products at any time for the two years preceding Jarvis's separation of employment with Varonis, or (iii) solicit, induce, encourage, or attempt to solicit, induce, or encourage, any party not to conduct business with the Varonis, or divert business from the Company, or to cease, limit, or reduce business between any third party and the Company, and/or interfere with Varonis's relationship with any party or existing or prospective business relation of the Company, for at least one year from the separation of his employment with Varonis, i.e., until February 6, 2024. See Employment Agreement § 7(A)-(B).

11. The February 7, 2023 letter also informed Jarvis that Varonis considers AppOmni to be a competitor and that Jarvis's employment with AppOmni constitutes a breach of the Employment Agreement, as well as threatens the misappropriation of Varonis's confidential information. See Letter dated February 7, 2023 from Varonis to Gregory Jarvis.

12. Varonis further advised Jarvis that the Company would be fully prepared to defend its rights under the Employment Agreement and asked that Jarvis confirm to Varonis, by February 12, 2023, his intent to refrain from commencing employment with AppOmni.

13. Separately, on February 8, 2023, Varonis Human Resources emailed Jarvis providing administrative information related to his termination, as well as enclosing Varonis's acknowledgement of Jarvis's resignation, which reminded Jarvis about his post-employment obligations to Varonis. See February 8, 2023 email from Varonis to Gregory Jarvis and Acknowledgement of Resignation, attached to this declaration as **Exhibit D**.

14. Additionally, on February 8, 2023, Varonis sent Jarvis a copy of the Termination Certification, which he originally received upon signing the Employment Agreement, via

DocuSign for Jarvis's completion. See February 8, 2023 Termination Certification, attached to this declaration as **Exhibit E**.

15. According to DocuSign's metadata, Jarvis viewed the document on February 14, 2023 at approximately 5:58 p.m. but did not sign the certification. See DocuSign status of Termination Certification, as of February 14, 2023, attached to this declaration as **Exhibit F**.

16. Jarvis again viewed the Termination Certification on February 21, 2023 at approximately 10:44 a.m. but did not sign the certification, according to DocuSign's metadata. See DocuSign status of Termination Certification, as of February 21, 2023, attached to this declaration as **Exhibit G**.

17. According to Jarvis's LinkedIn Profile, Jarvis to date identifies Varonis as his employer. See Gregory Jarvis LinkedIn Profile, last accessed on February 24, 2023, a copy of which is attached to this declaration as **Exhibit H**.

18. Varonis believes Jarvis's employment with AppOmni commenced this week or will commence imminently.

19. Under the terms of the Employment Agreement, Jarvis had covenanted, "I agree to provide written notification to the Company as to the name and address of my new employer, the position that I expect to hold and a general description of my duties and responsibilities, at least (5) business days prior to starting such employment." See Employment Agreement § 7(A).

20. To date, Jarvis has provided no reply to Varonis's February 7, 2023 letter. Jarvis has also provided no written notification of the identity of his new employer or a general description of his duties, pursuant to the Employment Agreement. See id.

21. Jarvis reviewed the Termination Certification, at the very least, on February 14 and 21, 2023, but has not returned a completed and signed document. See id. § 6.

22. In executing the Employment Agreement, Jarvis acknowledged and agreed that Varonis was and is engaged in a competitive business; Jarvis obtained knowledge of and access to Varonis's confidential information, as well as developed relationships with Varonis's clients and business partners, by virtue of his position, training, and experience with the Company; and the disclosure or improper use of the Varonis's confidential information would seriously damage the Company and place Varonis at a serious competitive disadvantage. See id. § 7(C).

23. Varonis did not consent to Jarvis's employment with AppOmni or otherwise release Jarvis of any of his obligations under the Employment Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2023
New York, New York

_____
DANA SHAHAR