UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VARONIS SYSTEMS, INC., | Case No.: |
| Plaintiff, | **ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY** |
| -against- | |
| GREGORY JARVIS, | |
| Defendant. | |

Upon the Summons and Complaint, dated February 27, 2023, the supporting Declarations of Gregory Pomery and Dana Shahar, and the exhibits annexed thereto, and the Memorandum of Law of Plaintiff Varonis Systems, Inc. in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, and pursuant to Federal Rule of Civil Procedure 65, it is hereby:

ORDERED, that Defendant Gregory Jarvis ("Jarvis") show cause before this Court, at Room ____, United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on February ___, 2023, at ____ o'clock in the __.m., or as soon thereafter as counsel can be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

i.   Enjoining and restraining Defendant Jarvis, and any person or entity acting in concert with him or under his supervision, through February 6, 2024, and as extended during any period that Jarvis has breached his obligations to Varonis Systems, Inc. ("Varonis") from (a) commencing or continuing employment with AppOmni, or any parent, subsidiary or affiliate corporation, and (b) managing, controlling, investing in, advising, working or consulting for, or otherwise joining, participating in or

affiliating with, any business whose business or products are in competition with or otherwise similar to Varonis's business.

ii. Enjoining and restraining Defendant Jarvis, and any person or entity acting in concert with him or under his supervision, from possessing, using, disclosing or disseminating Jarvis's confidential information; and

iii. Enjoining and restraining Defendant Jarvis, and any person or entity acting in concert with him or under his supervision, through February 6, 2024, and as extended during any period that Jarvis has breached his obligations to Varonis, from (a) contacting, or causing to be contacted, or engaging in any form of communication with any persons or entities that have used, inquired or been solicited for Varonis's services at any time during the two-year period preceding the termination of Jarvis's employment with the Company, i.e., from February 6, 2021 to February 6, 2023 ("Customer") for the purpose of (i) conducting business that is competitive or similar to that of Varonis or (ii) disadvantaging Varonis's business in any way; (b) soliciting, encouraging, or attempting to solicit or encourage any employee or contractor of Varonis, or any such individuals who either coincident with or within twelve months before Jarvis's termination of employment with Varonis terminated their employment or engagement with Varonis to (i) terminate such work relationship with Varonis or (ii) be employed by or provide services to any person or entity other than Varonis; (c) hiring, employing, or engaging any employee or contractor of Varonis, or any such individuals who either coincident with or within twelve months before Jarvis's termination of employment with Varonis terminated their employment or engagement with Varonis, to work for a person or entity other than Varonis.

iv.    Enjoining and restraining Defendant Jarvis, and any person or entity acting in concert with him or under his supervision, through February 6, 2024, and as extended during any period that Jarvis has breached his obligations to Varonis, from (a) doing anything or attempting to do anything to discredit or otherwise injure the reputation or goodwill of Varonis; (b) soliciting, inducing, encouraging, or attempting to solicit, induce, or encourage, any party or prospective counterparty, including, but not limited to, any joint venture, supplier, vendor, contractor, advertiser, customer, employee, distributor, manufacturer, or any other existing or prospective professional or business relation of Varonis to (i) not conduct business with Varonis, (ii) divert away any business from Varonis, or (iii) cease, limit, or reduce the level of business conducted between such business relation and Varonis; and (c) in any way interfering or attempting to interfere with Varonis's relationships with any party or existing or prospective counterparty, including, but not limited to, any joint venture, supplier, vendor, contractor, advertiser, customer, employee, distributor, manufacturer, or any other existing or prospective professional or business relation of Varonis; and

v.    Enjoining Defendant Jarvis, and any person or entity acting in concert with him or under his supervision, from any other action in violation of Defendant Jarvis's contractual obligations or fiduciary duties owed to Varonis.

ORDERED, that sufficient reason having been shown, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant Jarvis, and any person or entity acting in concert with him or under his supervision, is temporarily restrained and enjoined from:

i.    working for AppOmni or any parent, subsidiary or affiliate corporation thereof;

ii.   managing, controlling, investing in, advising, working or consulting for, or otherwise joining, participating in or affiliating with, any business whose business or products are in competition with or otherwise similar to Varonis's business;

iii.   contacting, or causing to be contacted, or engaging in any form of communication with any persons or entities that have used, inquired or been solicited for Varonis's services at any time during the two-year period preceding the termination of Jarvis's employment with the Company, i.e., from February 6, 2021 to February 6, 2023 ("Customer") for the purpose of (i) conducting business that is competitive or similar to that of Varonis or (ii) disadvantaging Varonis's business in any way;

iv.   soliciting, encouraging, or attempting to solicit or encourage any employee or contractor of Varonis, or any such individuals who either coincident with or within twelve months before Jarvis's termination of employment with Varonis terminated their employment or engagement with Varonis to (i) terminate such work relationship with Varonis or (ii) be employed by or provide services to any person or entity other than Varonis;

v.   hiring, employing, or engaging any employee or contractor of Varonis, or any such individuals who either coincident with or within twelve months before Jarvis's termination of employment with Varonis terminated their employment or engagement with Varonis, to work for a person or entity other than Varonis;

vi.   doing anything or attempting to do anything to discredit or otherwise injure the reputation or goodwill of Varonis;

vii.   soliciting, inducing, encouraging, or attempting to solicit, induce, or encourage, any party or prospective counterparty, including, but not limited to, any joint

venture, supplier, vendor, contractor, advertiser, customer, employee, distributor, manufacturer, or any other existing or prospective professional or business relation of Varonis to (i) not conduct business with Varonis, (ii) divert away any business from Varonis, or (iii) cease, limit, or reduce the level of business conducted between such business relation and Varonis;

viii.  interfering or attempting to interfere with Varonis's relationships with any party or existing or prospective counterparty, including, but not limited to, any joint venture, supplier, vendor, contractor, advertiser, customer, employee, distributor, manufacturer, or any other existing or prospective professional or business relation of Varonis;

ix.  possessing, using, disclosing or disseminating Varonis's confidential information;

x.  retaining and/or refusing to return all Varonis property, including, but not limited to, customer lists, software, documents, and equipment of any kind; and

xi.  any other action in violation of Defendant Jarvis's contractual obligations or fiduciary duties owed to Varonis.

ORDERED, that the Plaintiff shall be permitted to seek discovery from Defendant Jarvis on an expedited basis, including (a) taking the deposition of Defendant Jarvis on the issue of (i) his application to, recruitment, and hiring by AppOmni and (ii) Defendant Jarvis's duties, responsibilities and activities at or for AppOmni; (b) production of documents related to the aforesaid, said discovery to be completed by no later than _____, 2023; and it is further

ORDERED that pending the hearing of this motion, Defendant Jarvis shall immediately return to Plaintiff all originals and copies now in his possession, custody or control of all

documents and electronic records reflecting or containing confidential or proprietary information of Varonis; and it is further

ORDERED that Varonis shall not be required to post any bond or undertaking in connection with the within temporary restraining order; and it is further

ORDERED, that the restraints herein shall remain in full force and effect for fourteen days from the date hereof, without prejudice to Varonis' right to seek to extend same pursuant to FRCP 65;

ORDERED, that service of a copy of this Order and the papers on which it is based upon Defendant Jarvis by email before 5:00 p.m. on February ___, 2023 shall be deemed good and sufficient service; and it is further; and it is further

ORDERED, that answering affidavits, if any, must be served by hand or by email on Plaintiff's attorneys of record in this action no later than ___ a.m./p.m. on February ___, 2023, and reply affidavits, if any, must be served by hand or by email upon Defendant Jarvis or is his counsel of record, if any, no later than ___ a.m./p.m. on February ___, 2023.

SO ORDERED:


Dated: February ___, 2023
　　　　New York, New York

                              _____